UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-60206-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERNARD ROEMMELE,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on the Report and Recommendation of United States Magistrate Judge Barry S. Seltzer [DE 821] ("Report and Recommendation") regarding the Motion by Defendant Bernard Roemmele, Pro Se, Pursuant to Rule 12(b)(3)(B), to Dismiss Indictment—Because the Indictment Was Returned After the Grand Jury's Term Expired [DE 772] ("Motion–Grand Jury") and the Motion by Defendant Bernard Roemmele, Pro Se, Pursuant to Rule 12(b)(3)(B), to Dismiss Indictment Because it Fails to State an Offense [DE 773] ("Motion–Offense") (collectively, "Motions to Dismiss").  Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motions to Dismiss, the Report and Recommendation, the Objections of Defendant, Bernard Roemmele, Pro Se, to Magistrate Judge's Report and Recommendation [DE 826] ("Objections") as well as Attachment A to the Objections [DE 827], and is otherwise advised in the premises.

## I. BACKGROUND

On August 27, 2004, a federal grand jury returned an indictment charging Mr. Roemmele with the following four criminal violations: RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); mail and wire fraud conspiracy in violation of 18 U.S.C. § 371 (Count 2); money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 3); and securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) (Count 5). Indictment [DE 3]. On August 15, 2006, Mr. Roemmele was convicted by a jury of all four counts. Jury Verdict [DE 388]. Thereafter, on January 26, 2007, Mr. Roemmele was sentenced to a 144-month term of imprisonment and a 3-year term of supervised release, and ordered to pay $14,672,185.00 in victim restitution. Judgment [DE 606].

On September 14, 2010, the Eleventh Circuit affirmed Mr. Roemmele's convictions but vacated his sentence and remanded the case for resentencing. United States v. Hein, 395 Fed. App'x 652, 654-55 (11th Cir. 2010). Then, on February 15, 2011, Mr. Roemmele filed his first motion, seeking dismissal because the Indictment was allegedly returned after the grand jury's term expired. See Motion–Grand Jury. The next day, on February 16, 2011, Mr. Roemmele filed his second motion, seeking dismissal because the Indictment allegedly fails to state an offense. See Motion–Offense.

Then, on July 1, 2011, the Eleventh Circuit denied Mr. Roemmele's petition for rehearing [DE 811] and on July 11, 2011, it issued a judgment and opinion as the court's mandate [DE 814]. However, on July 12, 2011, Mr. Roemmele moved to stay execution of the mandate [DE 817], and on July 22, 2011, the Eleventh Circuit recalled its mandate [DE 819].

On August 3, 2011, after conducting a thorough analysis of the issues raised in Mr. Roemmele's Motions to Dismiss, Judge Seltzer recommended that the undersigned deny both motions. Thereafter, Mr. Roemmele filed his Objections to Judge Seltzer's findings. In accordance with the below discussion, even reading Mr. Roemmele's *pro se* filing liberally, the Court finds the Objections to be without merit. Therefore, the Court will overrule the Objections, adopt the Report and Recommendation, and deny both Motions to Dismiss.

## II. DISCUSSION

Though a motion pursuant to Federal Rule of Criminal Procedure 12(b)(3) must generally be filed before trial, "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). As Judge Seltzer noted, Mr. Roemmele filed the instant Motions to Dismiss before any mandate was issued on direct appeal, so the case was pending and the Court may consider the motions. See United States v. Smith, Case No. 09-16191, 2011 WL 1168851, at *2 (11th Cir. March 30, 2011) ("a case is no longer pending for the purposes of Rule 12(b)(3)(B) once the mandate has issued in the direct appeal."). However, any arguments other than those based on jurisdiction or failure to state an offense are untimely under Rule 12(b)(3). See Fed. R. Crim. P. 12(b)(3)(B) (excepting only claims for lack of jurisdiction or failure to state an offense).

### A. Motion–Grand Jury

Regarding Mr. Roemmele's Motion to Dismiss based on the alleged expiration of the grand jury term, Judge Seltzer found that the motion lacked any basis in fact. See Report & Recommendation at 4-6. Mr. Roemmele claims that the grand jury that indicted him in August 2004 had been empaneled in January 2001. Motion–Grand Jury at 2, 15. He reasons that because the 43-month period between January 2001 and August 2004 exceeds the 18-month grand jury term limit under Federal Rule of Criminal Procedure 6(g), the Indictment is invalid and the Court does not have jurisdiction over him. Id. at 2, 14, 15, 16.

Though the grand jury did return Mr. Roemmele's Indictment on August 24, 2004, see Grand Jury Cover Sheet Case No. 04-60206, as Judge Seltzer noted, "[c]ontrary to Roemmele's claim, this Court's own records show that the grand jury that returned the Roemmele indictment was empaneled not in January 2001, but on May 7, 2004." Report & Recommendation at 5 (citing Grand Jury Cover Sheet Case No. 04-60206, stating "the grand jury of this court, begun . . . on the 7th day of May, 2004" and identifying the grand jury number as FGJ#04-01(FL)"). Therefore, because the grand jury was empaneled in May 2004, the August 24, 2004 Indictment was returned well within the 18-month term for that grand jury.

Mr. Roemmele objects to this finding, arguing that the Grand Jury Cover Sheet the Government submitted in responding to his Motion to Dismiss was a fabrication of the original. Obj. at 34, 36. In Judge Seltzer's Report and Recommendation, he noted as follows:

> In his reply memorandum, Roemmele argues for the first time that the

4

> indicting grand jury's number, 04-01, "is a fabrication of the original, and is not a reliable basis for proving that grand jury number 04-01 had indicted this case." However, Local Rule 7.1.C provides that a reply memorandum must be "strictly limited to rebuttal of matters raised in the memorandum in opposition." Judges in this district therefore, have repeatedly rejected attempts by parties to raise arguments in reply memoranda.

Report & Recommendation at 4 n.2 (citing various cases refusing to consider arguments raised for the first time in a reply memorandum). Mr. Roemmele clarifies in his Objections that he was not raising this argument for the first time in his reply memorandum, but was rather responding to the evidence that the Government submitted along with its response, specifically, the Grand Jury Cover Sheet. As Judge Seltzer noted, however, "even if this Court were to consider Roemmele's rebuttal argument, it is without any basis in fact." Report & Recommendation at 4 n.2. Attached to the Report and Recommendation, Judge Seltzer attached an unsealed and redacted copy of the Grand Jury Cover Sheet [DE 821 at 23]. As indicated on that document, the grand jury was "begun and held at Fort Lauderdale on the 7th day of May, 2004," Grand Jury Cover Sheet, and the foreperson signed on August 24, 2004. Therefore, the record evidence affirms Judge Seltzer's finding that the grand jury was empaneled in May 2004, and the August 24, 2004 Indictment was returned well within the 18-month term for that grand jury. Accordingly, Mr. Roemmele's objection to Judge Seltzer's findings regarding the Motion to Dismiss based on the alleged expiration of the grand jury term will be overruled.[1]

---

[1] The Objections filed with the Court appear to be missing page 35. The Court has evaluated the objection regarding the Grand Jury's term upon consideration of pages 34 and 36. If Mr. Roemmele wishes to resubmit the missing page, he may do so by no later than October 17, 2011.

### **B. Motion–Offense**

As for Mr. Roemmele's Motion to Dismiss based on the alleged failure to state an offense, Judge Seltzer found the arguments contained in that motion to be meritless. Report & Recommendation at 6-20.  Mr. Roemmele predicates his motion on the assumption that the internet activity for which he is being held is not governed by the wire fraud statute that underpins the charges for RICO conspiracy (Count 1), wire and mail fraud conspiracy (Count 2), and the money laundering conspiracy (Count 3). Motion–Offense at 2-3.  He claims that "'Internet communications' or 'Internet services' (which are 'electronic communications'), is simply not within the scope of the wire fraud statute; nor can it be, as the Federal government may not specifically regulate the Internet."  Id. at 3.  For the same reason, he argues that evidence of internet fraud cannot sustain a conviction predicated on the wire fraud statute and that the term "wire communication," as used in the wire fraud statute, is unconstitutionally vague as applied to him.  Id. at 18, 21, 30.

As Judge Seltzer ruled, "courts have long recognized that the wire fraud statute governs fraud committed via the internet."  Report & Recommendation at 8 (citing applicable case law).  Additionally, in evaluating whether the Indictment states a claim, Judge Seltzer found, "The Roemmele indictment not only meets th[e] liberal standard, but it is sufficiently detailed and thorough to meet even the highest pleading standards." Report & Recommendation at 12.  This Court agrees that the Indictment properly and clearly sets forth the essential elements required for each offense and specifies the time, place, and participants involved.  See id. at 13.

In his Objections, Mr. Rommele makes the following arguments relating to his

6

Motion to Dismiss for failure to state an offense: (1) the Indictment fails to state an offense in Count 1; (2) Counts, 1, 2, and 3 have been improperly joined to plead a conspiracy to commit a conspiracy; (3) the Indictment fails to state a claim in Count 2 because it fails to allege the interstate commerce element; and (4) the Indictment fails to state a claim for wire fraud.  The Court addresses each objection in turn.

### 1. Count 1 – Stating an Offense

First, Mr. Roemmele argues that Count 1 must be dismissed because it fails to distinguish between the "enterprise" and the "person," Obj. at 2, and fails to plead the existence of an association-in-fact enterprise, id. at 3.  Count 1 charges Mr. Roemmele with violating 18 U.S.C. § 1962(d).  See Indictment.  Section 1962(d) makes it unlawful to conspire to violate § 1962(c).  To prove a RICO offense under 18 U.S.C. § 1962(c), the Government must prove "(1) that an enterprise existed; (2) that the enterprise affected interstate commerce; (3) that the defendants were employed by or associated with the enterprise; (4) that the defendants participated, either directly or indirectly, in the conduct of the enterprise; and (5) that the defendants participated through a pattern of racketeering activity."  United States v. Browne, 505 F.3d 1229, 1257 (11th Cir. 2007).  A review of the Indictment demonstrates that, contrary to Mr. Roemmele's objection, the allegations sufficiently distinguish between the "enterprise" and the "person" and plead the existence of a proper enterprise.

The Indictment lists the names of the defendants and alleges that these defendants were "persons employed by and associated with an Enterprise."  Indictment at 7.  The defendants were not, as Mr. Roemmele suggests, "claimed to be both the RICO 'persons' and the RICO 'enterprise.'"  Obj. at 2.  Instead, the Indictment specifies

7

both the purposes of the enterprise and the distinctive roles of the individuals involved in the conspiracy.  See Indictment at 4-8.  The Indictment specifies the principal purposes of the Enterprise as follows: "(A) to generate money for its members through the commission of various criminal acts including: mail and wire fraud, securities fraud, money laundering and extortion; and (B) to conceal the existence and operations of the Enterprise from law enforcement detection by obstructing justice." Id. at 5.  Contrary to Mr. Roemmele's assertion, see Obj. at 3, the Indictment contains allegations relating to the enterprise and separate allegations relating to the pattern of racketeering activity, see Indictment at 4-5, 8-9.

Additionally, in this objection, Mr. Roemmele misinterprets the definition of an "enterprise."  Section 1961(4) defines "enterprise" as "includ[ing] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity," 18 U.S.C. § 1961(4).  Mr. Roemmele interprets this language to mean that the enterprise may not include both individuals and legal entities, but the language actually means that the enterprise may be composed of individuals and legal entities even though the group of people and entities is not itself a legal entity.

Accordingly, the Court agrees with Judge Seltzer that the Indictment states an offense as to Count 1, and Mr. Roemmele's objections with respect to Count 1's failure to state an offense will be overruled.  Finally, Mr. Roemmele argues that the Court should not permit the Government to amend the Indictment, as any such amendment would be unconstitutional, id. at 4, but amendment is not necessary here because Count 1 already states an offense.

## 2. Counts 1, 2, and 3, as Joined

Second, Mr. Roemmele objects that Counts 1, 2, and 3 are legally deficient because, "as joined[,] they plead a conspiracy to commit a conspiracy." Obj. at 6. Contrary to this objection, these counts do not plead a conspiracy to commit a conspiracy. See, e.g. United States v. Battle, 473 F. Supp. 2d 1185, 1196 (S.D. Fla. 2006) ("A RICO conspiracy under § 1962(d) based on separate conspiracies as predicate offenses is not merely a 'conspiracy to conspire', but is an overall conspiracy to violate a substantive provision of RICO, in this case § 1962(c), which makes it unlawful for any person associated with an interstate enterprise to 'participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'"). Count 1 pleads a RICO conspiracy, Count 2 pleads mail and wire fraud conspiracy, and Count 3 pleads money laundering conspiracy. See Indictment. The Indictment does not join these counts into one conspiracy charge, but rather charges three separate conspiracies.

Mr. Roemmele also notes in this objection that the "Indictment in this case did not charge any substantive violations of the mail fraud, wire fraud, money laundering, or RICO statutes." Obj. at 6. However, to support a conspiracy conviction, the Government need not charge or prove the underlying crime. See, e.g., Browne, 505 F.3d at 1264 ("A defendant may be guilty of [RICO] conspiracy even if he did not commit the substantive acts that could constitute violations of §§ 1962(a), (b), or (c)"); see also United States v. Blackburn, 398 Fed. App'x 453, 463-64 (11th Cir. 2010) ("To support a conspiracy conviction, the government must prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do . . . an unlawful

9

act."); <u>United States v. Ward</u>, 486 F.3d 1212, 1223 (11th Cir. 2007) ("Conspiracy and mail fraud are not the same offense . . ."); <u>United States v. Smart</u>, 135 Fed. App'x 337 (11th Cir. 2005) (upholding conviction for conspiracy to commit money laundering where defendant was not charged or convicted of a separate charge for money laundering). Finally, the Court finds no error in any incorporation by reference contained in the Indictment. Accordingly, Mr. Roemmele's objection that Counts 1, 2, and 3 are legally defective as joined will be overruled.

### 3. Count 2 – Interstate Commerce Element

Third, Mr. Roemmele objects that Count 2 fails to state a claim because it does not "properly allege the interstate commerce element." Obj. at 8. Specifically, he notes "a close review of the Indictment reveals that the government failed to adequately allege how the alleged 'wire communications' were transmitted <u>in interstate or foreign commerce</u>," id. at 13, and "[t]his was not only the case for the conduct alleged as overt acts to support the conspiracy to commit mail fraud and <u>wire fraud</u> charged in Count 2, but also as the predicate acts to support the wire fraud charged in Count 1," id. Mr. Roemmele also adds, "none of these overt acts plead with sufficient particularity under rule 7(c)," <u>id.</u>

A review of the Indictment demonstrates that the wire fraud allegations do properly plead the interstate commerce element. As Judge Seltzer noted, "An examination of Count 2, the wire fraud and mail fraud conspiracy, shows that it accurately tracks the language of the conspiracy statute (18 U.S.C. § 371), sets forth the elements of the offense, and identifies the time, place, and participants involved." Report & Recommendation at 16 (citing Indictment at 28-36). Count 2 specifically

pleads that the defendants "us[ed] wire communications *in interstate and foreign commerce*," Indictment at 29 (emphasis added). In describing the overt acts, the Indictment describes the relevant "interstate telephone conference facilities," "interstate wire facilities," and participation in an "interstate and foreign conference call." Id. at 29-36. Therefore, Mr. Roemmele's objection regarding failure to allege the interstate commerce element will be overruled.

### 4. Wire Fraud Offense

Finally, Mr. Roemmmele objects that "the indictment states a defective wire fraud offense–because the wire fraud statute does not apply to regulate internet communications, nor does it otherwise give fair notice of such application." Obj. at 15. Judge Seltzer conducted a thorough analysis of this argument in his Report and Recommendation.[2] Judge Seltzer wrote as follows:

> [A]s the text of the wire fraud statute makes clear, § 1343 governs the wire transmission of "any writing, signs, signal, pictures, or sounds," and therefore, by its terms is not limited to aural transfers . . . . Moreover, *courts have long recognized that the wire fraud statute governs fraud committed via the internet*. See, e.g., United States v. Rodriguez, No. 3:07-cr-414-PJB, 2008 WL 5157891, at *1 (D. Puerto Rico Dec. 9, 2008) ("The wire fraud statute makes it unlawful for any person having devised or intending to devise any scheme or artifice to defraud to use interstate wires such as telephone lines or the internet for the purpose of executing the fraud scheme.") . . . ; American Auto Guardian, Inc. v. Kramer, No. 05 C 6404, 2008 WL 4553092, at *6 (N.D. Ill. July 8, 2008) ("[defendant] used the wires in furtherance of a scheme when she used the internet . . ."); Sophia v. Myicis, No. C 07-02364 SI, 2008 WL 5411479, at *2 (N.D. Cal. Dec. 29,

---

[2] Contrary to Mr. Roemmele's assertion that Judge Seltzer ignored his argument that the Federal Government does not regulate internet communications, see Obj. at 29-34, Judge Seltzer addressed this argument in his analysis of whether the wire fraud statute governs internet communications. Judge Seltzer concluded, and this Court agrees, that the wire fraud statute governs fraud committed via the internet. See Report & Recommendations at 6-9.

11

> 2008) ("use of the internet qualifies as use of the United States wires"); see also, e.g., United States v. Leger, 377 F.App'x 911, 912-13 (11th Cir. 2010) ("[b]ecause these FAFSA forms were transmitted through the internet and through regular mail, there is also overwhelming evidence supporting his conviction for Pell Grant fraud and wire fraud."); United States v. Stephens, 571 F.3d 401, 406 (5th cir. 2009) (evidence that included emails between defendants about scheme and money deposited into defendant's accounts derived from fraudulent website supported wire fraud conviction); United States v. Drummond, 255 F. App'x 60, 64-65 (6th Cir. 2007) (defendant who made reservations over the internet using credit card issued to another sufficient to support wire fraud conviction); United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006) (defendant committed wire fraud each time he sent wire communication over internet to facilitate a fraudulent sale); United States v. Gajdik, 292 F.3d 555, 556 (7th Cir. 2002) (defendant's operation of scheme to defraud over internet website eBay constituted wire fraud); United States v. Lee, 296 F.3d 792 (9th Cir. 2002) (wire fraud conviction for sales from fraudulent website); United States v. Pirello, 255 F.3d 728, 729-30 (9th Cir. 2001) (fraudulent advertisements on the internet that induced buyers to send money to defendant constituted wire fraud).

Report & Recommendation at 8-9 (emphasis added). Judge Seltzer further found that Mr. Rommele's reliance upon the Wiretap Act, 18 U.S.C. § 2510, is misplaced. Id. at 7.

The undersigned agrees with Judge Seltzer's analysis and conclusion that the wire fraud statute does regulate internet communications, and that the Wiretap Act's definition of "wire communication" is inapplicable to the wire fraud allegations. Contrary to Mr. Roemmele's assertion that the cases Judge Seltzer cites "are not on point with the issue before this Court," Obj. at 25, this Court finds the cases entirely applicable with respect to their explanations and holdings that the wire fraud statute governs fraud committed via the internet.

Finally, Mr. Roemmele objects to Judge Seltzer's analysis regarding the vagueness doctrine and the "faire-notice" requirement. See Obj. at 26-34. Specifically, he asserts "that, through the use of an obscure, and undefined technical term, namely 'wire communication', persons of ordinary intelligence, after reading the statutory text

12

would be unaware that any form of 'Internet communication' is a means of communication protected by the wire fraud statute." Id. at 26.  The Court disagrees.  As Judge Seltzer held, to the extent that this objection challenges anything other than jurisdiction or failure to state an offense, the challenge is untimely.  See Report & Recommendation at 19.  To the extent that Mr. Roemmele's challenge is jurisdictional, as he claims, see Obj. at 26, the Court finds his objection to be without merit.  As Judge Seltzer wrote, "the wire fraud statute clearly gave Roemmele faire notice that any use of the wires to further a scheme to defraud – including misrepresenting the purported internet products that his company (CITX) had allegedly build and offered for sale – is forbidden."  Report & Recommendation at 20 (citing various case law).  As described above, the wire fraud statute encompasses fraud committed via the internet.  See supra.  Accordingly, Mr. Roemmele's objection regarding the wire fraud allegations pertaining to the internet will be overruled.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Report and Recommendation of United States Magistrate Judge Barry S. Seltzer [DE 821] is **ADOPTED**;

2. The Objections of Defendant, Bernard Roemmele, Pro Se, to Magistrate Judge's Report and Recommendation [DE's 826, 827] are **OVERRULED**;

3. The Motion by Defendant Bernard Roemmele, Pro Se, Pursuant to Rule 12(b)(3)(B), to Dismiss Indictment—Because the Indictment Was

Returned After the Grand Jury's Term Expired [DE 772] is **DENIED**; and

4. The Motion by Defendant Bernard Roemmele, Pro Se, Pursuant to Rule 12(b)(3)(B), to Dismiss Indictment Because it Fails to State an Offense [DE 773] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 3rd day of October, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Bernard Roemmele, *pro se* via regular CM/ECF mail